**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

United States of America ex rel.
The Tarbell Group, LLC,

Plaintiff

v.

KPH Construction Corp. and
Keith Harenda,

Defendants

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

Case no.

# COMPLAINT

## Nature of the Case

1. Relator The Tarbell Group, LLC, brings this action for itself and the United States under the False Claims Act, 31 U.S.C. §§ 3729-3733, to recover funds illegally obtained by the defendant under federal COVID-19 relief laws.

## Jurisdiction and Venue

2. The Court has jurisdiction of, and is the appropriate venue for, this matter because it arises under a federal law, because the United States is a plaintiff, and because in this judicial district defendant can be found, resides, transacts business in, or committed an act proscribed by the False Claims Act. 28 U.S.C. §§ 1331, 1345; 31 U.S.C. § 3732(a).

## Parties—Relator

3. Relator The Tarbell Group, LLC, is a limited liability company located in and organized under the laws of the Commonwealth of Virginia.

## Parties—Defendants

4. Defendant KPH Construction Corp. on the loan application(s) at issue herein gave its address as 1237 West Bruce Street, Milwaukee, WI. This defendant was subject to a Chapter 11 bankruptcy petition from February 06, 2019 to September 13, 2023 in the United States Bankruptcy Court for the Eastern District of Wisconsin, case number 19-20939.

5. Defendant Keith Harenda was at all relevant times president and chief executive officer of Defendant KPH Construction Corp., by and through whom it acted.

## Background

6. To provide economic relief and stimulate the economy during the COVID-19 pandemic, Congress in 2020 enacted the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. 116-136, amended by, inter alia, the Paycheck Protection Program Flexibility Act of 2020, Pub. L. 116-142 and the American Rescue Plan Act of 2021, Pub. L. 117-2 (2021) (together with implementing regulations, referred to herein as the "PPP Program"). The PPP Program effectively transferred money from the federal government to eligible recipients via the United States Small Business Administration ("SBA"). The transfers took the form of private loans guaranteed, forgiven and reimbursed by SBA ("PPP Loans").

7. PPP Loan recipients could receive up to two loans, one in each of two tranches, each called a "draw," i.e., first-draw and second-draw PPP Loans.

8. As a condition of receiving PPP Loans and forgiveness thereof, each applicant was required to certify its eligibility under the PPP Program.

9. The PPP Program at all times required each PPP Loan applicant to certify, as a condition for receiving the loan and as one of the first items on the application, that it was not "presently involved in any bankruptcy."

10. Defendant applied for and received PPP Loans for which it was legally ineligible.

**PPP Loans**

11. KPH Construction Corp. applied and received approval for a first-draw PPP Loan on April 27, 2020 (loan number 6259127209), in the amount of $107,100.00, and had said PPP Loan forgiven on January 8, 2021, in the amount of $107,839.43.

12. KPH Construction Corp. applied and received approval for a second-draw PPP Loan on January 22, 2021 (loan number 3816498309), in the amount of $112,855.00, and had said PPP Loan forgiven on June 29, 2021, in the amount of $113,328.06.

13. Defendant Keith Harenda was at all relevant times president and chief executive officer of Defendant KPH Construction Corp., by and through whom it acted.

**First Cause of Action**
**False Claims Act, 31 U.S.C. § 3729**

14. Relator repeats and realleges each of the foregoing paragraphs.

15. Defendant KPH Construction Corp. was ineligible to receive its PPP Loan(s) at the time it applied and received approval for the same.

16. Defendants did knowingly present, or cause or be presented, a false or fraudulent claim for payment or approval, to the injury of the United States, by falsely certifying that Defendant KPH Construction Corp. was eligible for a PPP Loan and forgiveness thereof and thereby receiving the same.

17. Defendants did knowingly make, use, or cause to be made or use, a false record or statement material to a false or fraudulent claim, to the injury of the United States, by falsely certifying that Defendant KPH Construction Corp. was eligible for a PPP Loan and forgiveness thereof and thereby receiving the same.

18. Defendants did knowingly make, use, or cause to be made or used, a false record or statement material to, or did knowingly conceal, or did knowingly and improperly avoid or

decrease, an obligation to pay or transmit money or property to the United States government, by falsely certifying that Defendant KPH Construction Corp. was eligible for a PPP Loan and forgiveness thereof and thereby receiving the same.

**Second Cause of Action**
**False Claims Act, 31 U.S.C. § 3729**
**Fruit of the Poisonous Tree**

19. Relator repeats and realleges each of the foregoing paragraphs.

20. Defendant KPH Construction Corp. received a second-draw PPP Loan for which it was ineligible due to its failure lawfully to obtain a first-draw PPP Loan. Because this defendant received its first-draw PPP Loan via fraud and under false pretenses, its second-draw PPP Loan constituted "fruit of the poisonous tree" and was unlawfully obtained.

21. Defendants did knowingly present, or cause or be presented, a false or fraudulent claim for payment or approval, to the injury of the United States, by falsely certifying that Defendant KPH Construction Corp. was eligible for a second-draw PPP Loan and forgiveness thereof and thereby receiving the same.

22. Defendants did knowingly make, use, or cause to be made or use, a false record or statement material to a false or fraudulent claim, to the injury of the United States, by falsely certifying that Defendant KPH Construction Corp. was eligible for a second-draw PPP Loan and forgiveness thereof and thereby receiving the same.

**Prayer for Relief**

23. WHEREFORE, Relator prays for the following relief against defendant:

a. A declaration that each defendant did violate the False Claims Act;

b. An amount thrice the amount of PPP Loans and interest forgiven or otherwise not repaid with respect to defendant, lending fees paid by SBA, foregone interest, and all other damages suffered by the United States

government, plus civil penalties and applicable interest, under 31 U.S.C. § 3729(a)(1);

c. The cost of this civil action under 31 U.S.C. § 3729(a)(3);

d. An award to relator, including its reasonable expenses, attorneys' fees, and costs, under 31 U.S.C. § 3730(d)(1) or (2), as applicable; and

e. Such other and further relief as may be just and proper.

**Demand for Jury Trial**

24. Relator demands a trial by jury.

Respectfully submitted,

Bruce Ellis Fein

**Law Office of Bruce Ellis Fein, PLLC**
Bruce Ellis Fein, Esq.
P.O. Box 506
Great Falls, VA 22066
bruce@newdream.net
703-248-0390
*Attorney for Relator*